THOMAS P. QUINN, JR.  (SBN: 132268)
NOKES & QUINN, APC
410 BROADWAY, SUITE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax:  (949) 376-3070
Email: tquinn@nokesquinn.com

K. ANN BROUSSARD (Admitted *Pro Hac Vice*)
Georgia Bar No. 100142
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309
Tel:  (404) 572-4600
Fax: (404) 572-5100
Email: ABroussard@KSLaw.com

*Attorneys for Defendant Equifax Information Services, LLC*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES ANTHONY,<br><br>              Plaintiff,<br><br>       v.<br><br>EQUIFAX INFORMATION SERVICES,<br>LLC and TRANS UNION LLC,<br><br><br>              Defendants. | Case No. 2:13-cv-01424-TLN-CKD<br><br>**STIPULATED PROTECTIVE ORDER** |

## **STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED BY AND BETWEEN AND AMONG Plaintiff Robert James Anthony ("Plaintiff"), Defendant Equifax Information Services LLC ("Equifax"), and Defendant Trans Union LLC ("Trans Union") (collectively referred herein as the "Parties" and individually as "Party"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony, and information have been and may be sought, produced, or exhibited by and among the Parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other

proprietary information belonging to a Party, and/or credit and other confidential information regarding Plaintiff;

THEREFORE, this Court orders as follows:

1.      Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing Party, or by any other Party, to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(7) or another provision of law, shall be so designated in writing, or orally at a deposition, hearing, or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL."  Such documents, transcripts, or other materials are referred to herein as "CONFIDENTIAL MATERIALS" and includes all information within the scope of Federal Rules of Civil Procedure 30, 31, 33, 34 and 36 and any information contained in, or derived from, any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated CONFIDENTIAL hereunder) designated under this agreement "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.      If a Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents it designates as "CONFIDENTIAL" are disclosed to all other Parties or non-parties to this action, the producing Party may designate those particular documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   Documents marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" receive the same protections as information designated as "CONFIDENTIAL" but are further limited in how it may be used or disseminated. All information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used solely for the purpose of this action, and no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in paragraph 3. Any other use is prohibited.

3.      Access to any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be limited to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Written Assurance (Exhibit A);

(b) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the Written Assurance (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Written Assurance (Exhibit A); and

(e) the author of the document or the original source of the information.

4.      All depositions or portions of depositions taken in this action that contain confidential information may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and thereby obtain the protections accorded other information designated as "CONFIDENTIAL."  The designating Party shall designate such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" either on the record, or by serving upon all counsel of record via facsimile or other electronic transmission a Notice within 14 calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as "CONFIDENTIAL MATERIALS" until the expiration of the 14-day period described in this paragraph.  The deposition of any witness or any portion of such deposition designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall thereafter be treated as "CONFIDENTIAL MATERIALS" in accordance with this Order.  The Parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.  The deposition of any witness (or any portion of such deposition) that encompasses "CONFIDENTIAL MATERIALS" shall be taken only in the presence of persons who are qualified to have access to such information.

5.      All "CONFIDENTIAL MATERIALS" and all information derived there from (including but not limited to all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any such materials) shall not be used, directly or indirectly, by any person

for any business, commercial, or competitive purposes, or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

6.     Subject to Paragraph 8, in the absence of prior written permission from the designating Party or an order by the Court, "CONFIDENTIAL MATERIALS" shall not be disclosed to any person other than:

(i) the Parties and their attorneys (including employees of counsel assigned to assist such counsel in the preparation of this litigation);

(ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel;

(iii) the Court, Court personnel, and members of any jury impaneled to hear this case;

(iv) disclosed experts and their staff employed for this litigation;

(v) present or former employees of the producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and

(v) fact witnesses subject to stipulation by the Parties that such witnesses need to know such information.

7.     Subject to Paragraph 8, "CONFIDENTIAL MATERIALS" shall not be disclosed to any person designated in paragraphs 6(iv) through 6(v) unless he or she have signed the Written Assurance (Exhibit A).  All persons to whom "CONFIDENTIAL MATERIALS" are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named Parties thereto.  No person receiving or reviewing "CONFIDENTIAL MATERIALS" shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified in this Order, and in no event shall such person make any other use of such "CONFIDENTIAL MATERIALS."  Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the Party whose designated information are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a

Party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

8.      In the event that any Party disagrees with any designation made under this Order, the Parties shall first try in good faith to resolve the disagreement informally.  If the dispute cannot be resolved and the receiving Party concludes in good faith that the materials have been improperly classified, the Party seeking the change may move the Court for appropriate relief, providing notice to any Party or third party whose designation of produced information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEY EYES ONLY" in the action may be affected.  The Party seeking the change in designation shall have the burden of proving that the information in question is not within the scope of protection afforded by Fed. R. Civ. P. 26(c).  Any such information shall be treated as originally designated until the change is completed.

9.      Subject to Paragraph 8, in the event either Party wishes to submit CONFIDENTIAL MATERIALS to the Court in connection with a motion, trial, or other proceeding within the purview of this lawsuit, that Party must first seek a Court order permitting the documents or other information to be filed or submitted under seal.  If the Court issues an order to seal, the information shall be submitted as set forth in Paragraphs 1 or 2, above, and shall be maintained by the Clerk of Court under seal.  Only the Court and counsel of record for the respective Parties shall have access to such confidential information.

10.      Subject to Paragraph 8, within 90 days after final termination of this lawsuit, each Party shall either destroy or assemble and return to the Party asserting confidential treatment all items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEY EYES ONLY" and all copies of such information, and shall destroy all extracts and/or data taken from such information.  Each Party shall confirm the return or destruction in writing.  However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

11.      The obligations imposed by the Protective Order shall survive the termination of this action.  The Court retains the right to allow disclosure of any subject covered by this

stipulation or to modify this stipulation at any time in the interest of justice.

12.     Nothing in this Order shall prevent a Party from using at deposition, arbitration, or trial any information or materials designated as CONFIDENTIAL.

13.     This Order does not prevent any Party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief.

14.     Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS" EYES ONLY," nor the failure to make such designation, shall constitute evidence on any issue in this case.   The designation of any materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" does not waive that Party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

15.     Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

16.     The Court retains the right to allow disclosure of any subject covered by this stipulation, or to modify this stipulation at any time in the interest of justice.

17.     Any Party who inadvertently fails to identify documents as ""CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEY EYES ONLY" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated information.   Any Party receiving such improperly-designated information shall retrieve such information from persons not entitled to receive that information and, upon receipt of the substitute information, shall return or destroy the improperly-designated information.

Agreed and stipulated to by:

**LAW OFFICES OF JOHN B. KEATING**

/s/ John Bradford Keating

John Bradford Keating
Law Offices Of John B. Keating
2995 Woodside Road, Ste 350
Woodside, CA 94062
Email: jbkeating@aol.com

Linda Deos
DEOS LAW, PC
770 L Street, Suite 950
Sacramento, CA 95814
Tel: 916-442-4442
Fax: 916-720-0314
Email: deoslawyer@gmail.com

*Attorneys for Plaintiff*

**SCHUCKIT & ASSOCIATES, PC**

/s/ Justin T. Walton

Justin T. Walton (Pro Hac Vice)
SCHUCKIT & ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville, Indiana 46077
Telephone: (317) 363-2400
Facsimile: (317) 363-2257
E-mail: jwalton@schuckitlaw.com

*Attorneys for Defendant Trans Union LLC*

**NOKES & QUINN**

/s/ Thomas P. Quinn

Thomas P. Quinn, Jr.
NOKES & QUINN, APC
410 Broadway, Suite 200
Laguna Beach, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

**KING & SPALDING LLP**

/s/ K. Ann Broussard

K. Ann Broussard (Pro Hac Vice)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 215-5725
Fax: (404) 572-5100
Email: ABroussard@kslaw.com

*Attorneys for Defendant Equifax
Information Services, LLC*

---

STIPULATED PROTECTIVE ORDER                          2:13-CV-01424-TLN-CKD

1

## **ORDER**

2     GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

3

4     Dated:  May 13, 2014

5     CAROLYN K. DELANEY
      UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                              2:13-CV-01424-TLN-CKD

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4       I have received a copy of the Stipulated Protective order entered in this action on _____, 20__.

5.      I have carefully read and understand the provisions of this Stipulated Protective order.

6.      I will comply with all provisions of this Stipulated Protective order.

7.      I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective order.

8.      I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.      upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective order, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the documents.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective order in this Action.

_____

1    I declare under penalty of perjury under the laws of the United States that the following is

2  true and correct.

3    Executed this _____ day of _____, 20___ at _____.

4

5

6

7  _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28