UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES ANTHONY,<br><br>            Plaintiff-,<br><br>      v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>            Defendants. | No. 2:13-cv-01424-TLN-CKD<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant Equifax Information Services, LLC.'s ("Equifax") Motion for Leave to File Third Party Complaint. (ECF No. 41.) Plaintiff Robert James Anthony ("Plaintiff") has filed an opposition to Equifax's motion. (ECF No. 44.) The Court has carefully considered the arguments raised in Equifax's motion and reply, as well as Plaintiff's opposition. For the reasons set forth below, Equifax's motion for leave to file a third-party complaint is GRANTED.

I.   **FACTUAL BACKGROUND**

Plaintiff alleges that he had an excellent credit record until March 2012, when he began to receive notifications from banks and credit card companies stating that his credit limits were being reduced or terminated due to his poor credit history. (Compl., ECF No. 1 at ¶¶ 11, 13.) He requested a copy of his credit report and discovered that it contained credit accounts that did not

1

belong to him.  (ECF No. 1 at ¶ 17.)  These accounts belonged to his son, Robert John Anthony, ("Robert") who had recently filed for bankruptcy and had a poor credit history.  (ECF No. 1 at ¶ 13; ECF No. 41 at 2.)  Plaintiff contacted the credit companies to inform them of the errors and to have the credit accounts removed from his credit history.  (ECF No. 1 at ¶¶ 14–15.)  He also informed Equifax of Robert's prior addresses and current address.  (ECF No. 1 at ¶ 17.)  Plaintiff alleges that Equifax's responses to, and investigations of his challenges to his credit report, were inadequate and unreasonable under the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCCRAA").  (ECF No. 1 at ¶¶ 76, 128.)  Plaintiff filed a complaint against Equifax on July 16, 2013, alleging violations of the FCRA and CCCRAA.  (ECF No. 1.)

During discovery, Equifax received a report from its expert informing Equifax that Robert had engaged in fraud.  (ECF No. 41 at 2; Def. Equifax's Reply in Supp. of Mot. For Leave to File Third Party Compl., ECF No. 47 at 9.)  Specifically, Robert opened credit card accounts using Plaintiff's personal identifiers.  (ECF No. 41 at 3.)  Equifax filed the report on July 9, 2014, and moved to implead Robert on August 11, 2014.  (ECF No. 47 at 9; ECF No. 41.)[1]

## II. STANDARD OF LAW

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  If a defendant files the third-party complaint more than fourteen days after serving its original answer, the defendant must, by motion, obtain the court's leave to file its third-party complaint.  *Id*.  The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court.  *Southwest Adm'rs., Inc. v. Rozay's Transfer*, 791 F. 2d 769, 777 (9th Cir. 1986).  "Rule 14 is to be construed liberally in favor of allowing impleader."  *Bel Air Mart v. Arnold Cleaners, Inc.*, No. 2:10–cv–02392–MCE–EFB, 2014 WL 3939147 *3 (E.D. Cal. Aug. 11, 2014).  In exercising its discretion as to impleader, the court must "balance the desire to avoid circuitry of actions and to obtain consistent results against any prejudice that the plaintiff might

---

[1] On October 23, 2014, Equifax filed a motion for partial summary judgment that is not at issue in this order. (ECF No. 50.)

suffer from complications of the case." *Square 1 Bank v. Lo*, No. 12–cv–05595–JSC, 2014 WL 1154031 *2 (N.D. Cal. Mar. 20, 2014).

"The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F. 2d 196, 200 (9th Cir. 1988). It is not sufficient that a third-party claim is related or arises out of the same set of facts. *U.S. v. One 1977 Mercedes Benz*, 708 F. 2d 444, 452 (9th Cir. 1983), *cert. denied*, 464 U.S. 1071 (1984). "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." *One 1977 Mercedes Benz*, 708 F.2d at 452; *see also Stewart*, 845 F.2d at 199–200. In deciding whether to allow a third-party complaint, courts find it helpful to consider: "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000); *see also Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127 (C.D. Cal. 2008).

### III.   ANALYSIS

Equifax asserts that all four of the aforementioned factors weigh in favor of granting its motion. The Court addresses each factor separately below.

#### A. Prejudice to the Original Plaintiff

Equifax contends Plaintiff would not be prejudiced as a result of its proposed third-party complaint. (ECF No. 41 at 10.) First, Equifax asserts that Plaintiff knew or should have known that the damage to Plaintiff's credit was the result of his son's fraud. (ECF No. 41 at 10.) Second, Equifax argues that because Robert has been deposed and documents concerning Robert's fraudulent accounts and bankruptcy have already been produced by third parties, there is no need for additional discovery. (ECF No. 41 at 10.) Third, Plaintiff has not indicated that he will experience prejudice other than the possibility of delay.[2] (ECF No. 44 at 12.) In response, Equifax argues that any delay would be outweighed by the benefits to judicial efficiency since the

---

[2] As discussed in more depth in Section III(C), due to numerous criminal trials set before this Court, the trial in this matter will have to be rescheduled for a later date regardless of the Court's ruling as to Equifax's motion.

3

1 issue of Robert's fraud will be a part of the original claim regardless of whether the motion to
2 implead is granted. (ECF No. 47 at 10.) The Court agrees with Equifax assertions and finds that
3 the original plaintiff would not be prejudiced.

### B. Complication of Issues at Trial

Equifax contends that the third-party claim is a necessary part of the litigation of the original claim and will not complicate issues at trial. (ECF No. 41 at 9.)

The Court may permit impleader when the third-party plaintiff's claim is dependent upon the outcome of the main claim. *Stewart*, 845 F. 2d at 199–200. "The third-party defendant must in some way be dependent upon the outcome of the main claim and be secondary or derivative thereto such that the third-party plaintiff is attempting to transfer to the third-party defendant the liability asserted against it by the original plaintiff." *Hall v. N. Am. Indus. Serv.*, No. 1:06-cv-00123-AWI-SMS, 2007 WL 120021 *2 (E.D. Cal. Jan. 11, 2007). Plaintiff argues that Equifax's third-party claim is not derivative of the original claim as required by Rule 14 because the original claims for violations of the FCRA and CCCRAA do not have more than an attenuated connection to Robert's liability to Equifax for fraud. (ECF No. 44 at 4–5.)

In Plaintiff's complaint, he alleges that Equifax's responses to his challenges to certain items on his credit report were inadequate and unreasonable. (ECF No. 1 at ¶ 23.) Plaintiff contends that Equifax intermingled his credit history with that of his son's. (ECF No. 1 at ¶ 23.) Thus, Plaintiff asked Equifax to exactly match his name, address, social security number, and date of birth to the files on his credit report to resolve the issue. (ECF No. 1 at ¶ 6.) During discovery it was revealed that Robert used Plaintiff's personal identifiers to deceive credit card companies. (ECF No. 41-1 at ¶¶ 31–33.) The third-party complaint alleges that Equifax's reliance on the false representations that Robert made to credit card companies using Plaintiff's personal identifiers was reasonable. (ECF No. 41-1 at ¶¶ 34–36.) Equifax argues that it was not negligent in its investigations and responses to Plaintiff's complaints because Robert's use of Plaintiff's personal identifiers impaired its record-keeping and investigation procedures. (ECF No. 41-1 at ¶¶ 34–36.) Thus, Equifax is attempting to seek contribution from Robert of some, if not all, of the liability it may have for Plaintiff's alleged damages. *See Employers Ins. of Wausau*

4

*v. Musick, Peeler & Garrett*, 954 F.2d 575, 577 (9th Cir. 1992) *aff'd*, 508 U.S. 286 (1993) ("An individual seeking contribution is not limited, however, to the parties named by the plaintiff in the original suit.  Contribution may be the sought through a third party action pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.")  Therefore, Equifax's claim is derivative.

Moreover, as to whether allowing Equifax's third-party complaint will complicate issues at trial, Robert's fraud will be litigated regardless of whether Equifax is permitted to file a third-party complaint.  In its answer, Equifax asserts the following defense: "[Plaintiff's] damages, if any, are caused by his own acts or omissions, or the acts or omissions of third parties other than Equifax." (Def. Answer and Defenses to Pl. Compl., ECF No. 13 at 18.)  Therefore, the issues at trial appear to overlap substantially.

### C.  Likelihood of Trial Delay

This matter is currently set for trial on March 16, 2015.  (ECF No. 47 at 10.)  However, because of the numerous impending criminal trials before this Court, the date must be vacated and reset for a later date.[3]  Therefore, allowing Equifax's proposed amendment will not impact the trial date in this matter.  Moreover, even if the trial date remained in place, the documents necessary to litigate the third-party claim, such as the documents concerning Robert's fraudulent accounts and bankruptcy, have already been discovered and Robert has been deposed.  (ECF No. 41 at 10.)  In addition, Robert will not be significantly prejudiced since he is familiar with and has participated in the case up to this point.  (ECF No. 44 at 12.)  If Equifax is forced to bring its claim in a separate action, the court will waste time and money, defeating impleader's purpose: preserving judicial resources.  *See Southwest Adm'rs., Inc.,* 791 F. 2d at 777.  In sum, because the trial must be rescheduled due to this Court's criminal calendar, Equifax's proposed amendment will not cause further delay in this matter.

### D.  Timeliness of the Motion to Implead

Equifax claims it did not have enough information until discovery had been completed to make a third-party complaint against Robert.  (ECF No. 41 at 10.)  Plaintiff argues that Equifax should have known the extent of Robert's responsibility for the claim when Equifax subpoenaed

---

[3] "Scheduling preference must be given to criminal proceedings as far as practicable." Fed. R. Crim. P. 50.

5

documents and took Robert's deposition several months ago. (ECF No. 44 at 12.)

When documents or information are uncovered during discovery and lead to good faith third-party claims, courts will find motions to implead timely. *See Susilo v. Robertson*, No. CV 12-9796 CAS (PJWx), 2013 WL 4213902 *3–4 (C.D. Cal. Aug. 14, 2013) (holding that a motion to implead was timely when defendants filed the motion shortly after discovering a document leading to third-party liability); *Universal Green Solutions, LLC v. VII Pac Shores Investors, LLC*, No. C-12-05613-RMW, 2013 WL 5272917 *2 (N.D. Cal. Sept. 18, 2013) (holding that a motion to implead was timely when the third-party claim was filed as soon as the defendant claimed to receive notice of a potential indemnification claim). Equifax did not unreasonably delay in filing its motion because it did not know it had a viable claim against Robert until it received and filed its expert's July 9, 2014, analysis. (ECF No. 41 at 10.) The Court has no reason to believe this assertion was made in bad faith. Therefore, the relevant time is between the discovery of the information and the motion. Only one month passed between the expert's analysis and the motion. (ECF No. 47 at 9.) Thus, the motion was timely.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that the impleader factors weigh in favor of granting the third-party complaint.[4] Thus, Defendant's motion to file a third-party complaint is hereby **GRANTED**. (ECF No. 41.)

---

[4] Plaintiff raised numerous unavailing arguments in his opposition that did not directly correspond with the Rule 14 factors discussed above. First, Plaintiff argues that there is no implied or actual cause of action for the third-party claim. (ECF No. 44 at 6.) However, Equifax's third-party complaint makes a claim for equitable contribution that depends on Equifax being held liable for the original claim. (ECF No. 41-1 at ¶¶ 21–38.) Equifax does not assert a new cause of action against Robert, but rather claims that, if it is found liable, Robert should also be liable. (ECF No. 41-1 at ¶¶ 37–38.)
   Second, Plaintiff claims that there is no supplemental jurisdiction under Rule 14 for the third-party claim because there is no basis for federal jurisdiction against Robert. (ECF No. 44 at 10–11.) This case has federal question jurisdiction due to the FCRA claim. 28 U.S.C. 1331. 28 U.S.C. §1367 confers supplemental jurisdiction over the third-party claim. Thus, this Court has discretion over whether to exercise supplemental jurisdiction. *Martinez v. City and County of San Francisco,* No. C-13-04197 DMR, 2014 WL 7387809 *2 (N.D. Cal. Dec. 29, 2014). Here, the third-party claim is part of the same case or controversy under Article III of the United States Constitution as Equifax claims that the disputed accounts would not have appeared and been reported on Plaintiff's Equifax credit file without Robert's fraud. (ECF No. 41-1 at ¶ 30.)
   Finally, Plaintiff argues that Equifax's Answer did not include any affirmative defense reference to contribution, indemnity, or fault of another. (ECF No. 44 at 12.) However, the Court does not find this argument availing because it contradicts Equifax's Fifth Defense, in which Equifax asserts that a third party's actions caused the Plaintiff's alleged damages. (ECF No. 13 at 18.)

Accordingly, Equifax's pending motion for partial summary judgment (ECF No. 50) is **DENIED AS MOOT**.

IT IS SO ORDERED.

Dated:  February 3, 2015

Troy L. Nunley
United States District Judge